\*WILLIAM AND SAMUEL WATERS *v.* HUGH LEMMON. [229

On error to a decree in chancery, nothing examinable but bill, answer, exhibits made part of them, the decree, and matter made part of the case, by bill of exceptions.

Decree in equity, on complaint of a purchaser of land, rescinding the contract, and directing the purchase money to be refunded, and leaving the purchaser in unconditional possession of the land purchased, is erroneous.

THIS was a writ of error, brought to reverse a decree in chancery,

pronounced against the plaintiffs in error, by the court of common pleas of the county of Brown, in a suit wherein the plaintiffs in error were respondents and the defendant in error complainant. It was adjourned here for decision from Brown county.

The material facts of the case were as follow: On January 15, 1816, the Waterses executed a penal bond to Lemmon, in the sum of three thousand dollars, conditioned that they should get a good and sufficient collector's deed for twenty acres of land, described in the bond, and specifying that the title was derived from a sale for taxes; or that they should make, or cause to be made, a quit-claim deed for the same. No time was fixed for procuring and making these deeds:

On January 18, 1816, Wm. Waters entered into another contract in writing, with Lemmon, specifying, that in consideration of two thousand dollars, paid one part in goods, and the residue in three annual payments from the date, W. Waters sold to Lemmon, forty acres of land, adjoining the twenty, and bound himself, when the last payment became due, to make Lemmon a general warranty deed, and to warrant and defend the same to said Lemmon. This article also contained a reference to certain personal property sold by Waters to Lemmon. Lemmon entered into possession, which he still retained.

The bill charged that the purchase was made with reference to a mill seat, which was on the twenty acres; that the whole purchase was made from William Waters, and the two thousand dollars, specified in the article as the purchase money of the forty acres, was the purchase money of the whole. It further states that Lemmon entered into possession, and erected on the twenty acres a grist mill, house, and stable, which cost him upward of seven thousand dollars; that no deed was procured for the twenty acres, and that after the improvements were made, he was informed that the title was worth nothing, and that W. Waters made a fraudu-230] lent *representation as to the character of the sale for taxes, well knowing that the title was defective. The bill further stated that the lands sold for taxes had been redeemed by the heirs. It further stated that of the purchase money of two thousand dollars, about fourteen hundred dollars had been paid to said Waters, and that Waters had obtained a judgment, and levied an execution on Lemmon's property for the balance. An amended bill charges, that at the time of the purchase W. Waters produced a

collector's deed, which was defective upon account of certain blanks, which Lemmon pointed out, and which W. Waters promised to have corrected. But that in consequence of a defect in the sale for taxes it could not be done. It is also charged in the original bill, that the whole quantity sold for taxes was seventy acres, of which the twenty is part, and that for the remaining fifty acres an ejectment had been brought against W. Waters, and a recovery had, he being unable to sustain the tax sale. The bill prayed that the contract for the sale of the twenty acres of land might be rescinded, and that Lemmon might receive compensation for his improvements, and other and general relief. This bill was filed December, 1823.

In his answer, W. Waters admits the sale, and that part payment was made, and judgment for the balance. He denied all fraud or misrepresentation. He denied that the twenty acres was the chief consideration for the two thousand dollars, and alleges that the whole sixty acres of land, considerable stock, mill stones, and valuable implements to a grist mill, and a saw mill, were sold in gross, for the gross sum of two thousand dollars. Alleges that everything was fairly represented, and all the papers exhibited at the time of the sale.

Much testimony was taken in the cause, and upon an interlocutory decree, it was referred to a master commissioner, upon whose report, a final decree was made in the common pleas, canceling the contract for the twenty acres of land, enjoining the recovery of the judgment at law, and decreeing that W. Waters pay to Lemmon one thousand three hundred and seventy-two dollars, fifty-two cents, and costs. This decree was pronounced at April term, 1828, and upon petition the Waterses obtained a rehearing.

At August term, 1828, the Waterses excepted to the master's report, and the cause was again heard, and a decree *pro- [231] nounced, corresponding with the previous decree, except that Wm. Waters was decreed to pay to Lemmon one thousand three hundred and eighty-four dollars and twenty-two cents. No disposition was made, by the decree, of the possession of the sixty acres of land, which was left with Lemmon. To reverse this decree the writ of error was brought.

M. MARSHALL, for plaintiff in error.

H. BRUSH, for defendant.

By the COURT:

Upon a writ of error, to a decree in chancery, nothing is examinable, but the bill, answer, and exhibits made part of them, the decree itself, and such matter as may be made part of the case, by a bill of exceptions. The court do not rehear the cause upon its merits. This case must, therefore, be decided upon the allegations of the parties, and upon the decree. From these it appears that Lemmon, the complainant below, purchased from the Waterses sixty acres of land, with some personal property, and was put in possession of the whole. These purchases were made at different times. The first for twenty acres, the latter for forty acres of land, the two tracts lying contiguous and adjoining. Lemmon remained in undisturbed possession of the whole of both tracts, and of the improvements made upon them. His bill contains no offer to surrender all, or any part to the Waterses, from whom he received it; but prays that the contract may be rescinded, and the purchase money paid by him refunded. The decree conforms to this prayer. It directs the contract, so far as it relates to the twenty acres, to be rescinded; and it restores to Lemmon the purchase money, leaving him also the possession of the land. This we deem inequitable, and therefore erroneous. For this cause, the decree must be reversed, and the cause remanded for further proceedings. As the cause may possibly come before us again, upon its whole merits, as presented by the proofs, it has not been considered necessary to make up, or express an opinion, except upon this single point.

Decree reversed.